IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-00535-PAB-CYC

CLAUDIO DE CASTRO, and
DULCE S. DE CASTRO,

      Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

      Defendant.

---

**ORDER**

---

This matter comes before the Court on defendant State Farm Fire and Casualty

Company's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to F.R.C.P.

12(b)(6) [Docket No. 30].  Plaintiffs filed a response, Docket No. 31, and defendant filed

a reply.  Docket No. 32.

## I.  BACKGROUND[1]

Plaintiffs Claudio and Dulce De Castro own property at 3969 S Argonne Way,

Aurora, CO 80013 (the "Property").  Docket No. 19 at 3, ¶ 12.  Plaintiffs obtained

homeowner's insurance for the Property from defendant State Farm Fire and Casualty

Company, leading to the creation of an insurance contract (the "Policy").  *Id.*, ¶ 13.  On

or about May 10, 2023, while the Policy was in effect, a hail storm caused damage to

---

[1] The facts below are taken from plaintiffs' amended complaint, Docket No. 19, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendant's motion to dismiss.  *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

the walls, ceilings, floors, and other items at the Property.  *Id.*, ¶ 15.  Plaintiffs timely

reported the hail damage to defendant by filing a claim.  *Id.*, ¶ 16.  Defendant assigned

adjuster Jalen Yocum to the claim.  *Id.* at 3-4, ¶ 17.  Mr. Yocum inspected the property

and found covered damage in the amount of $1,890.95.  *Id.*  This was less than

plaintiffs' Policy deductible of $2,680.00.  *Id.*  Mr. Yocum sent a letter to plaintiff on May

7, 2024, explaining that because the loss was less than the deductible, no payment

would be made.  *Id.* at 4, ¶ 18.  Mr. Yocum also noted that, based upon the site

inspection and investigation, it was determined that there was no accidental direct

physical loss to the dwelling's roof.  *Id.*

Plaintiffs retained a public adjuster to inspect the property and submitted their

findings to defendant.  *Id.*, ¶ 19.  Through their public adjuster, plaintiffs provided an

estimate and photos to defendant which showed widespread hail damage to various

parts of the Property, including to the roof.  *Id.*, ¶ 20.  Plaintiffs estimate that there are

replacement cost damages in the amount of $86,201.42.  *Id.*  On or about July 11,

2024, defendant sent another letter claiming that the loss was not covered by the Policy.

*Id.*, ¶ 21.  To date, defendant has not paid plaintiffs for the hail damage claim.

On or about May 15, 2024, while the Policy was in effect, a discharge and

overflow of water from the kitchen caused damage to the walls, ceilings, floors, and

other items at the Property.  *Id.* at 5, ¶ 29.  Plaintiffs timely reported the water damage

to defendant by filing a claim.  *Id.*, ¶ 30.  Defendant assigned adjuster Ronald Lee

Denney to the claim.  *Id.*, ¶ 31.  Mr. Denney inspected the property.  *Id.*  Mr. Denney

sent plaintiffs a letter which stated that, through the site inspection and investigation, it

was determined that the predominate cause of loss was related to a failed plumbing

fixture beneath the kitchen sink.  *Id.* at 5-6, ¶ 32.  Mr. Denney explained that "this continued/repeated seepage or leak resulted in deterioration of the kitchen cabinets" and that damage resulting from this cause is not covered by the Policy.  *Id.*  Plaintiffs retained a private adjuster to inspect the property and submitted those findings to defendant.  *Id.* at 6, ¶ 35.

Plaintiffs filed this lawsuit on February 20, 2025.  Docket No. 2.  On April 17, 2025, plaintiffs amended their complaint.  Docket No. 19.  Plaintiffs bring claims for breach of contract due to defendant's denial of insurance coverage for the hail damage claim and the water damage claim (Claims One and Two).  *Id.* at 7-9, ¶¶ 44-57.  Plaintiffs also bring claims for unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1113(3), 1115, and 1116 (Claim Three), and for common law bad faith (Claim Four).  *Id.* at 9-11, ¶¶ 58-76.  Defendant moves to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Docket No. 30.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam)

(quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III.  ANALYSIS

### A. <u>Breach of Contract</u>

Plaintiffs' first and second claims allege that defendant breached its contractual duties under the Policy by refusing to compensate plaintiffs for the losses caused by the May 10, 2023 hailstorm and May 15, 2024 water damage.  Docket No. 19 at 7-9, ¶¶ 44-57.  Under Colorado law, a plaintiff asserting a breach of contract claim must plead four elements: (1) the existence of a contract; (2) performance by the claimant or some justification for nonperformance; (3) failure to perform the contract by the defendant;

4

and (4) resulting damages to the claimant.  *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).[2]  The Court will first analyze the breach of contract claim as to the May 10, 2023 hailstorm and then will analyze the breach of contract claim as to the May 15, 2024 water damage.

### 1.  Hail Damage Claim

Defendant argues that plaintiffs' complaint does not plausibly allege what policy provision defendant violated, that defendant neglected to pay covered hail damage, and the amount of damages plaintiff was owed.  Docket No. 30 at 6-7.  The Court interprets this as an argument that plaintiffs failed to adequately plead the first, third, and fourth elements of a breach of contract claim.[3]

When pleading a claim for breach of an insurance contract, "[t]he insured bears the initial burden of demonstrating coverage under the policy."  *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1260 (10th Cir. 2020) (citing *Rodriguez ex rel. Rodriguez v. Safeco Ins. Co. of Am.*, 821 P.2d 849, 853 (Colo. App. 1991)).  Thus, in order to survive a motion to dismiss, plaintiffs' allegations that damages were covered losses pursuant to the Policy must be supported by reference to the Policy.  *See Ryals v. Am. Fam. Ins. Co., S.I.*, No. 20-cv-02736-NYW, 2021 WL 848195, at *4 (D. Colo. Mar. 5, 2021) (collecting cases).  Defendant argues that

---

[2] Both parties assume Colorado law applies in this case.  *See generally* Docket Nos. 30, 31.  Accordingly, the Court will apply Colorado law.  *Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption.").

[3] The Court finds that plaintiffs plausibly allege the second element for both breach of contract claims—performance by the claimant—because plaintiffs state that they "paid premiums and otherwise performed all conditions precedent to recover benefits under the contract, i.e. the Policy."  Docket No. 19 at 7-8, ¶¶ 45-52.

plaintiffs did not identify any Policy provision which was breached.  Docket No. 30 at 6.

The Court disagrees.

Plaintiffs allege that the Policy's provisions covered losses to the Property

caused by hail.  Docket No. 19 at 3, ¶ 14.  While plaintiffs do not provide an exact

citation to the Policy in their complaint, they quote defendant's adjuster's letter, which

states: "Your homeowners policy provides coverage for accidental direct physical loss to

your structure."  *Id.* at 4, ¶ 18.  These allegations plausibly establish that the Policy

covers accidental direct physical loss caused by hail damage.  Moreover, defendant

concedes that the Policy "covers accidental and direct physical loss to the insured

property that is not otherwise excluded."  Docket No. 30 at 7 (citing Docket No. 2-2 at

33).  Thus, plaintiffs have sufficiently pled the first element of their first breach of

contract claim—that a contract exists.

Defendant argues that plaintiffs have not plausibly alleged that State Farm

overlooked or ignored covered hail damage when adjusting the hail claim.  *Id.*  The

complaint, however, alleges that plaintiffs retained a public adjuster to inspect the

Property.  Docket No. 19 at 4, ¶ 19.  The complaint further alleges that the public

adjuster found and photographed "widespread hail damage" to various parts of the

Property, including widespread hail damage to the roof.  *Id.*, ¶ 20.  Plaintiffs estimate

replacement cost damages in the amount of $86,201.42.  *Id.*  The complaint alleges that

plaintiffs sent the public adjuster's findings to defendant, but that defendant has

nevertheless refused to cover the claim.  *Id.*, ¶¶ 20, 22.  Thus, plaintiffs plausibly allege

that there is widespread hail damage to the Property, causing $86,201.42 worth of

covered damages, which defendant has refused to cover.  The Court finds that plaintiffs

have sufficiently pled the third element of their first breach of contract claim—that

defendant failed to perform under the contract.[4]

Finally, defendant argues that plaintiffs fail to identify the amounts covered by the

Policy.  Docket No. 30 at 7.  But the complaint alleges that "Plaintiffs currently estimate

*covered damages* in the amount of $86,201.42 in replacement cost damages."  Docket

No. 19 at 4, ¶ 20 (emphasis added).  Thus, plaintiffs do state the amount owed.

Accordingly, plaintiffs have sufficiently pled the fourth element of their first breach of

contract claim—that defendant's failure to perform under the contract caused damages.

---

[4] Defendant attaches to its motion State Farm's July 11, 2024 denial letter, which states that the inspection revealed no accidental direct physical loss resulting from hail to the roofing shingles.  Docket No. 30 at 5; Docket No. 30-1.  Rather, the inspection revealed loss from wear and tear, which is not covered by the Policy.  Docket No. 30 at 5; Docket No. 30-1 at 1-2.  While the complaint references the July 11, 2024 denial letter, it is not attached as an exhibit.  Docket No. 19 at 4, ¶ 18.  Generally, a court should not consider evidence beyond the pleadings when ruling on a 12(b)(6) motion, *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019), and, if the court does so, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  The Tenth Circuit, however, has recognized a "limited exception" to this rule: the "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  *Waller*, 932 F.3d at 1282; *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (recognizing that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss").  A court has "broad discretion in determining whether or not to accept materials beyond the pleadings." *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998).  The July 11, 2024 denial letter is not central to the complaint and, at best, would simply create a conflict of fact.  The existence of conflicting evidence, however, does not warrant dismissal of a complaint under Rule 12(b)(6).  Plaintiffs need only allege enough factual matter that, taken as true, makes their "claim to relief . . . plausible on its face."  *Khalik*, 671 F.3d at 1190 (citing *Twombly*, 550 U.S. at 570).  Thus, the Court declines to consider the July 11, 2024 denial letter in ruling on the motion to dismiss.

Plaintiffs have therefore stated a claim for breach of contract as to their hail damage claim.

### 2. *Water Damage Claim*

The Court finds that plaintiffs fail to state a breach of contract claim as to the May 15, 2024 water damage occurrence. Plaintiffs plausibly allege that the Policy covers water damage, stating that "a sudden discharge and overflow of water damages are covered perils under the Policy." *Id.* at 5, ¶ 30. However, plaintiffs do not plausibly allege the third element of a breach of contract claim—that defendant failed to perform under the contract. In the complaint, plaintiffs allege that defendant's adjuster explained that the site inspection revealed that the "predominate cause of loss is related to a failed plumbing fixture beneath your kitchen sink, this continued/repeated seepage or leak resulted in deterioration of the kitchen cabinets. Damage resulting from this case of loss is not covered by your policy." *Id.* at 5-6, ¶ 32.

The complaint alleges that plaintiffs retained a public adjuster to inspect the Property regarding the water damage claim and that the public adjuster provided an estimate and photos to defendant. *Id.* at 6, ¶¶ 34-35. Unlike the hail damage claim, however, the complaint alleges no facts suggesting that defendant's reason for denying the water damage claim was unjustified. Instead, the complaint merely makes a conclusory allegation that "[d]efendant has provided no reasonable basis for denying the Plaintiffs' water damages." *Id.*, ¶ 36. The Court need not accept conclusory allegations as true. *See Hackford*, 14 F.3d at 1465. Moreover, the complaint alleges that defendant "failed to perform an adequate investigation," but alleges no supporting facts as to how defendant's investigation was inadequate. Docket No. 19 at 6, ¶ 38. Thus, plaintiffs have not plausibly alleged that defendant failed to perform under the

Policy, and have therefore failed to state a claim for breach of contract as to the water damage claim.

### B. Statutory Bad Faith

Pursuant to Colo. Rev. Stat. § 10-3-1115, an insurer may not "unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Colo. Rev. Stat. § 10-3-1115(1)(a). To prevail on a statutory bad faith claim, plaintiffs must show that "(1) benefits were owed under the policy; and (2) defendant unreasonably delayed or denied payment of plaintiff's claim." *TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1201 (D. Colo. 2018). An insurer's conduct is unreasonable "if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." Colo. Rev. Stat. § 10-3-1115(2). The determination of whether an insurer has breached its duties to the insured is one of reasonableness under the circumstances. *Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 523 (Colo. App. 2008). Acting "without a reasonable basis" has been construed to mean pursuing a groundless position that is not supported by credible evidence. *Cooper v. Shelter Gen. Ins. Co.*, 653 F. Supp. 3d 873, 878 (D. Colo. 2023) (quoting *Masters v. Safeco Ins. Co. of Am.*, No. 20-cv-00631-PAB-NRN, 2021 WL 4326269, at *5 (D. Colo. Sept. 23, 2021)). The question is whether a reasonable insurer under similar circumstances would have denied or delayed payment of the claim. *Estate of Morris*, 192 P.3d at 523.

The Court finds that plaintiffs plausibly allege a statutory bad faith claim as to hail damage. As explained above, the complaint plausibly alleges that defendant breached the policy by denying plaintiffs' hail damage claim. The complaint alleges two grounds for defendant's bad faith denial. First, the complaint alleges that defendant's adjuster

initially found covered hail damage in the amount of $1,890.95.[5]  Docket No. 19 at 3-4, ¶ 17.  However, the complaint alleges that defendant subsequently sent a letter claiming that there was no loss which was covered by the Policy.  *Id.* at 4, ¶ 21.  The complaint alleges that defendant refused to reconsider its position.  *Id.* at 5, ¶ 24.  Next, the complaint alleges that defendant's adjuster, on reinspection, found no hail damage, whereas plaintiffs' public adjuster found widespread hail damage.  *Id.* at 4, ¶¶ 18-20. The complaint alleges that defendant failed to explain why the widespread hail damage was not covered under the Policy.  *Id.*, ¶ 23.  Ignoring widespread hail damage without explaining why it is not covered under the Policy constitutes a plausible allegation that defendant denied plaintiffs' claims without a reasonable basis.  Thus, plaintiffs have sufficiently stated a cause of action for statutory bad faith as to the hail damage claim.

The Court finds, however, that plaintiffs have not stated a cause of action for statutory bad faith as to the water damage claim.  As noted above, plaintiffs have failed to plausibly allege that they are entitled to benefits under the Policy for the water damage claim.  Thus, plaintiffs' statutory bad faith claim fails.  *See Edge Construction, LLC v. Owners Ins. Co.*, No. 14-cv-00912-MJW, 2015 WL 4035567, at *6 (D. Colo. June 29, 2015) ("[I]n order to prevail on its statutory unreasonable delay/denial claim, [plaintiff] first has to prove entitlement to benefits."); *see also MarkWest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 558 F.3d 1184, 1192–93 (10th Cir. 2009) ("It is settled law in Colorado that a bad faith claim must fail if ... coverage was properly denied and the plaintiff's only claimed damages flowed from the denial of coverage.").

---

[5] The complaint alleges that defendant did not cover that loss because it was less than plaintiffs' $2,680 policy deductible.  Docket No. 19 at 3-4, ¶ 17.

Moreover, the complaint's allegations that defendant acted unreasonably as to plaintiffs' water damage claim are conclusory. The complaint alleges that "Defendant's bad faith conduct in this matter includes, without limitation, its inadequate, unreasonable, and improper investigation of Plaintiffs['] insurance claims, its partial denial of Plaintiffs' insurance claims, and its unsubstantiated coverage decision that forced Plaintiffs to pursue litigation to recover for legitimate claims." Docket No. 19 at 7, ¶ 41. The complaint, however, does not allege facts supporting that defendant's investigation was inadequate, unreasonable and improper. Furthermore, as explained above, plaintiffs do not explain why they are entitled to coverage for the water damage claim under the policy or why defendant's coverage decision was unsubstantiated. Thus, plaintiffs have failed to plead nonconclusory allegations that defendant acted without a reasonable basis when denying plaintiffs' water damage claim. Conclusory allegations are insufficient to state claims for bad faith. *See Ryals*, 2021 WL 848195, at *7-8; *Musel Master, LLC v. Am. Fam. Mut. Ins. Co.*, No. 18-cv-2725-RBJ, 2019 WL 9244886, at *3-4 (D. Colo. June 24, 2019). Accordingly, the Court will dismiss the statutory bad faith claim to the extent it relates to the water damage claim.

### C. Common Law Bad Faith

Lastly, plaintiffs bring a common law bad faith claim, alleging that defendant unreasonably delayed or denied benefits to plaintiff with knowledge or in reckless disregard of the unreasonableness of its actions. Docket No. 19 at 10-11, ¶¶ 67-76.

To prevail on a claim for bad faith delay or denial of insurance benefits under Colorado common law, a plaintiff must establish that her insurer (1) acted unreasonably under the circumstances; and (2) knew of, or had reckless disregard for, the unreasonableness of its actions. *Goodson v. Am. Standard Ins. Co. of Wisc.*, 89 P.3d

11

409, 415 (Colo. 2004).  "The only element at issue in the statutory claim is whether an insurer denied benefits without a reasonable basis."  *Cooper*, 653 F. Supp. 3d at 878 (alterations omitted) (quoting *Williams v. Owners Insurance Co.*, 621 F. App'x 914, 919 (10th Cir. 2015) (unpublished)).  "By contrast, to prove a first-party claim of common law bad faith, a plaintiff must show not only that the insurer's conduct in processing or denying a valid claim was unreasonable but also that the insurer knew its conduct was unreasonable or recklessly disregarded the unreasonableness of its conduct."  *Id.* (citing *Travelers Insurance Co. v. Savio*, 706 P.2d 1258, 1275–76 (Colo. 1985)).  "Accordingly, a claim of common law bad faith imposes a more exacting standard of proof than a statutory claim."  *Id.* (citation omitted)); *Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d 964, 975 (Colo. App. 2011) (the "burden of proving th[e] statutory claim is less onerous than that required to prove a claim under the common law for breach of the duty of good faith and fair dealing").

As explained when analyzing the statutory bad faith claim, the complaint plausibly alleges that defendant acted unreasonably when denying plaintiffs' hail damage claim.  Thus, plaintiffs have satisfied the first element of a common law bad faith claim.  The complaint also plausibly alleges that defendant had either knowledge or reckless disregard for the unreasonableness of its actions.  Specifically, the complaint alleges that, through plaintiffs' public adjuster, plaintiffs sent photographs of widespread hail damage to the Property, along with an estimate for covered damages in the amount of $86,201.42.  Docket No. 19 at 4, ¶ 20.  However, despite having received those photographs and estimates, the complaint alleges that defendant denied coverage under the Policy.  *Id.*, ¶ 23.  Because the complaint alleges that defendant had

12

knowledge of widespread hail damage to the roof, the complaint plausibly alleges that defendant acted in reckless disregard of the hail damage when denying plaintiffs' claim. Moreover, the complaint alleges that defendant claimed there was no covered hail damage under the Policy even though defendant initially found some covered damage. *Id.*, ¶¶ 18, 21. Therefore, plaintiffs have plausibly alleged a common law bad faith claim as to the hail damage claim.

The Court finds that the complaint does not plausibly allege that defendant acted unreasonably when denying their water damage claim. Therefore, plaintiffs have not met the first element of common law bad faith as to the water damage claim. The Court will dismiss the common law bad faith claim to the extent it relates to the water damage claim.

### D. Leave to Amend

Plaintiffs argue in their response that, "should the Court determine that any of the above outlined claims are somehow insufficiently pled, Plaintiffs respectfully request and should be granted leave to amend any such deficient claims." Docket No. 31 at 9.

Pursuant to the Local Rules, "[a] motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d). The Local Rules also require a party seeking to file an amended pleading to attach the proposed amended pleading. D.C.COLO.LCivR 15.1(b). Plaintiff did not do so. The Tenth Circuit recognizes "the importance of Fed. R. Civ. P. 7(b) and ha[s] held that normally a court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999); *see also Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) ("[C]ases are not to be

13

litigated piecemeal.  The court should not have to address repeated "improvements" to the complaint.  When a party faces a motion to dismiss and it believes that it can overcome objections with an amendment to the pleading, it should seek leave to amend at that time."); *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) ("A district court may deny leave to amend when a plaintiff fails to file a written motion and instead merely suggest[s] she should be allowed to amend if the court conclude[s] her pleadings [a]re infirm." (quotations omitted; alteration in original); *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 706 (10th Cir. 2014) (affirming prejudicial dismissal and denial of request to amend made in response to motion to dismiss without formal motion); *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) ("Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave.").  Accordingly, requesting leave to amend in a response to a motion to dismiss is improper, and the Court will deny the request.

However, the Court will dismiss plaintiffs' second claim for relief, as well as plaintiffs' statutory and common law bad faith claims to the extent they relate to the water damage claim, without prejudice.  "Generally, the dismissal of claims under Rule 12(b)(6) should be without prejudice." *Bereznak v. Arrow Elecs., Inc.*, No. 23-cv-01318-DDD-JPO, 2024 WL 4268588, at *10 (D. Colo. Aug. 12, 2024), *report and recommendation adopted*, 2024 WL 4267882 (D. Colo. Sept. 20, 2024) (citation omitted).  "However, dismissal with prejudice is appropriate 'if it would be futile to allow the plaintiff an opportunity to amend.'" *Id.* (quoting *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023)).  Here, plaintiffs could potentially plead facts which

plausibly allege that they are entitled to coverage for the water damage claim, and that denying such a claim was in bad faith.  Plaintiffs, however, have failed to do so at this stage.

## IV.  CONCLUSION

Therefore, it is

**ORDERED** that State Farm Fire and Casualty Company's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to F.R.C.P. 12(b)(6) [Docket No. 30] is **GRANTED in part and DENIED in part**.  It is further

**ORDERED** that plaintiffs' second claim for relief is **DISMISSED without prejudice**.  It is further

**ORDERED** that plaintiffs' third claim for relief is **DISMISSED without prejudice** to the extent it relates to the water damage claim.  It is further

**ORDERED** that plaintiffs' fourth claim for relief is **DISMISSED without prejudice** to the extent it relates to the water damage claim.

DATED March 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

15